Filed 12/16/21  P. v. Hansen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093948 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF02707) |
| v. | |
| DWAYNE LOREN HANSEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dwayne Loren Hansen filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

1

## BACKGROUND

Our recitation of the facts is derived from the probation report and Butte County Sheriff's Office report No. 20-03450, to which defendant stipulated to as the factual basis for his plea.

On May 29, 2020, a Butte County sheriff's deputy contacted defendant and his wife near their motorhome at a boat launch in Oroville; the motorhome had an expired registration. Defendant admitted they possessed marijuana and consented to the deputy entering the motorhome to retrieve the marijuana. After marijuana and drug paraphernalia were located, defendant consented to a search of the motorhome and deputies located nunchakus, children's underwear, and a second methamphetamine pipe. Given defendant's status as a sex offender who was required to register and the presence of children's underwear in the motorhome that defendant admitted using to masturbate, a deputy asked defendant for consent to search his electronic devices. Defendant admitted he possessed child pornography on a cellphone located in the bedroom of the motorhome. Defendant then fled on foot after telling the deputies they needed a warrant; he was subsequently detained. After obtaining a search warrant, a forensic analysis of defendant's electronic devices located over 1,000 images and 62 videos of child pornography.

In June 2020, defendant was charged with possession of sadomasochistic child or youth pornography (Pen. Code, § 311.11, subd. (c)(2); count 1),[1] possession of over 600 images of child or youth pornography (§ 311.11, subd. (c)(1); count 2), possession of child or youth pornography (§ 311.11, subd. (a); count 3), possession of a nunchaku (§ 22010; count 4), possession of methamphetamine with a prior conviction that requires

---

[1] Further undesignated statutory references are to the Penal Code.

section 290 registration (Health & Saf. Code, § 11377, subd. (a); count 5), and resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 6).

In December 2020, defendant agreed to plead guilty to count 2, possessing over 600 images of child pornography, in exchange for dismissal of the remaining counts with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The plea agreement left the matter of probation and sentencing to the trial court's discretion. Defendant stipulated to a factual basis for his plea, and further stipulated that the trial court could consider facts from probation reports, police reports, or other sources as deemed necessary to establish the factual basis.

In April 2021, the trial court denied probation and sentenced defendant to the upper term of five years. The court awarded defendant 328 days of actual credit and 328 days of conduct credit for total presentence credits of 656 days and imposed a $300 restitution fine (§ 1202.4); a $300 post release community supervision revocation restitution fine, stayed unless supervision was revoked (§ 1202.45); a $40 court operations assessment (§ 1465.8); and a $30 criminal conviction assessment (Gov. Code, § 70373).

That same day, defendant filed a notice of appeal, claiming the appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea. A week later, on April 28, 2020, defendant filed a second notice of appeal that requested a certificate of probable cause. The trial court denied his certificate request. On June 18, 2021, defendant filed a third notice of appeal with a request for a certificate of probable cause; the trial court granted this request. The case was fully briefed on September 24, 2021 and assigned to this panel on October 29, 2021.

### DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d

3

436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                                 /s/
                                                       Duarte, J.

We concur:

   /s/
Blease, Acting P. J.

   /s/
Krause, J.